IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 4:21-cv-04061-SOH |
| | ) | C O M P L A I N T |
| TEXAR TREE & TIMBER, LLC d/b/a TEXAR LINE CLEARANCE | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Anthony Willis and a class of former employees of TEXAR Tree & Timber, LLC d/b/a TEXAR Line Clearance (TEXAR). As alleged with greater particularity in the paragraphs below, Plaintiff Equal Employment Opportunity Commission alleges TEXAR steered Anthony Willis (Willis) and other Black applicants into lower-paying positions at hire because of their race, Black, as compared to non-Black applicants with lesser experience from January 2019 to present. And TEXAR paid Black applicants a lower starting wage rate than non-Black applicants with lesser experience in the same jobs from January 2019 to present.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) (Title VII) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Arkansas, Texarkana Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant TEXAR Tree & Timber, LLC dba TEXAR Line Clearance (TEXAR) has continuously been doing business in the State of Arkansas and the City of Texarkana and has continuously had at least 15 employees. While TEXAR is headquartered in Texarkana, AR, TEXAR deploys employees to locations in Arkansas, Texas, and Oklahoma.

5. At all relevant times, TEXAR has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCESS

6. More than 30 days prior to the institution of this lawsuit, Willis filed a charge with the Commission alleging violations of Title VII by TEXAR.

7. On June 23, 2021, the Commission issued to TEXAR a Letter of Determination finding reasonable cause to believe that TEXAR violated Title VII and inviting TEXAR to join

with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with TEXAR to provide TEXAR the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from TEXAR a conciliation agreement acceptable to the Commission.

10. On August 16, 2021, the Commission issued TEXAR a Notice of Failure of Conciliation advising TEXAR that the Commission was unable to secure from TEXAR a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS OF ANTHONY WILLIS

12. Since at least June 2019, TEXAR has engaged in unlawful employment practices at its location in Texarkana, AR in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e). The unlawful practice includes steering Willis into a lower-paying position at hire because of his race, Black.

   a. On or about June 2019, Willis applied for a position with TEXAR.

   b. TEXAR hired Willis as a chip hand, a laborer position.

   c. TEXAR knew that Willis had prior operator's experience.

   c. Even though Willis had prior operator's experience, TEXAR did not place Willis in an operator position.

   d. TEXAR steered Willis into a laborer position.

   e. TEXAR pays employees in an operator position at a higher rate of pay than it pays employees in laborer positions.

  f. TEXAR placed non-Black applicants without operator's experience into higher-paying operator positions.

  g. TEXAR did not place Willis into an operator position even though Willis had prior operator's experience.

  h. By steering Willis into a lower-paying position at hire, TEXAR will continue to pay Willis at a lower rate throughout his employment with TEXAR than it pays non-Black employees.

  13. The effect of the practices complained of in Paragraph 12 above has been to deprive Willis of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Black.

  14. The unlawful employment practices complained of in Paragraph 12 above were and are intentional.

  15. The unlawful employment practices complained of in Paragraph 12 above were and are done with malice or with reckless indifference to the federally protected rights of Willis.

## STATEMENT OF CLAIMS OF APPLICANTS STEERED INTO LOWER-PAYING POSITIONS

  16. Since at least January 2019, TEXAR has engaged in unlawful employment practices at its location in Texarkana, AR in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e). The unlawful practice includes steering Black applicants into lower-paying positions at hire because of their race, Black.

  a. Between the dates of January 2019 to present, TEXAR steered Black applicants with more experience than non-Black applicants into lower-paying laborer jobs and steered non-Black applicants into higher-paying positions.

  b. TEXAR regularly steered non-Black applicants into operator positions and other

higher-paying positions rather than placing higher-qualified Black applicants into the operator positions and other higher-paying positions.

  c. Black applicants were at least as or more qualified than the non-Black applicants whom TEXAR placed into the operator positions and other higher-paying positions.

  d. By steering these Black applicants into a lower-paying position at hire, TEXAR will continue to pay these employees at a lower rate throughout their employment with TEXAR than it pays non-Black employees.

  17. The effect of the practices complained of in Paragraph 16 above has been to deprive a class of Black applicants and employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

  18. The unlawful employment practices complained of in Paragraph 16 above were and are intentional.

  19. The unlawful employment practices complained of in Paragraph 16 above were and are done with malice or with reckless indifference to the federally protected rights of a class of Black applicants and employees.

## STATEMENT OF CLAIMS OF APPLICANTS PAID LOWER WAGE RATES AT HIRE

  20. Since at least January 2019, TEXAR has engaged in unlawful employment practices at its location in Texarkana, Arkansas, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e). The unlawful practice includes paying Black applicants a starting rate of pay lower than the starting rates of pay of non-Black applicants at hire.

  a. Between the dates of January 2019 to present, TEXAR paid Black applicants a starting wage lower than the starting wage of non-Black applicants in the same position.

  b. The Black applicants were at least equally or more qualified than the non-Black

applicants whom TEXAR hired.

  c. By paying these Black applicants at a lower rate of pay at hire, TEXAR will continue to pay these Black employees at a lower rate throughout their employment with TEXAR than it pays non-Black employees.

  21. The effect of the practices complained of in Paragraph 20 above has been to deprive a class of Black applicants and employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race, Black.

  22. The unlawful employment practices complained of in Paragraph 20 above were and are intentional.

  23. The unlawful employment practices complained of in Paragraph 20 above were and are done with malice or with reckless indifference to the federally protected rights of a class of Black applicants and employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining TEXAR, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from discriminating against applicants and employees because of their race, Black.

  B. Order TEXAR to institute and carry out policies, practices, and programs which provide equal employment opportunities for Willis and a class of Black applicants and employees and which eradicate the effects of its past and present unlawful employment practices.

  C. Order TEXAR to make whole Willis and a class of Black applicants and employees by providing appropriate backpay with prejudgment interest in amounts to be

determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, instatement or awarding them front pay.

  D. Order TEXAR to make whole Willis and a class of Black applicants and employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the Paragraphs above, in amounts to be determined at trial.

  E. Order TEXAR to make whole Willis and a class of Black applicants and employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the Paragraphs above, including emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order TEXAR to pay Willis and a class of Black applicants and employees punitive damages for its malicious and reckless conduct, as described in the Paragraphs above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**GWENDOLYN YOUNG REAMS**
Acting General Counsel

*/s/Faye A. Williams*____
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

*/s/Amy F. Black*_____
Amy F. Black
Supervisory Trial Attorney
TN Bar No. 016102

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 685-4609
Telephone (901) 685-4606
faye.williams@eeoc.gov
amy.black@eeoc.gov

*/s/ Pamela B. Dixon*_____
PAMELA DIXON
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
pamela.dixon@eeoc.gov