IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                                                PLAINTIFF


vs.                                            Civil No. 4:21-cv-04061


TEXAR LINE CLEARANCE, INC.
*agent of*
Texar Line Clearance                                                                  DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Compel Discovery from Plaintiff.  ECF No. 15. Defendant filed this Motion on August 15, 2022.  *Id.*  On August 30, 2022, Plaintiff responded. ECF No. 19.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court.  ECF No. 20.  After considering this Motion and the response, the Court finds it should be **DENIED**.

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed suit against Defendant, TEXAR Tree and Timber, LLC ("TEXAR") alleging TEXAR steered higher qualified Black applicants into lower paying positions.  ECF No. 2.  The EEOC also alleges TEXAR paid lower wages to equally or more qualified Black applicants.  *Id.*

The EEOC initially identified 11 claimants who made up the alleged class of aggrieved employees.[1]  TEXAR, through the discovery process, then requested these claimants identify past employment and sign a release of employment information.  ECF No. 15-1.

---

[1] In their Response, EEOC states they have been unable to contact three of the initial claimants, and no longer seek relief for Michael Jones, Jr., Kelvin Tidwell, or Robert Washington.

1

With this Motion to Compel, TEXAR seeks to compel responses to two interrogatories and one request for production. ECF No. 15. EEOC argues they have fully complied with answers to the interrogatories, or in the alternative, the interrogatories are overbroad and seek matters not relevant. ECF No. 19. EEOC further argues the documents requested by the request for production are outside the scope of permissible discovery. *Id.*

**1. Interrogatory No. 14**

Interrogatory No. 14 requested EEOC provide information pertaining to the identified claimants' employment prior to their hire date. ECF No. 15-1, Pg. 6. EEOC objected that the interrogatory sought information that was not relevant, was overly broad, unduly burdensome, and TEXAR had access to this information from the claimant's applications. ECF No. 15-2, Pgs. 14-18. EEOC then provided responses for this interrogatory for the identified claimants. *Id.*

On July 28, 2022, TEXAR sent a letter to EEOC regarding the discovery and asked (1) to the extent any information was withheld on the basis of the objection, that such information be disclosed and (2) to the extent EEOC did not make a good faith inquiry regarding the Claimants' five years of experience prior to being employed with TEXAR, that such inquiry be made. ECF No. 15-4.

EEOC responded on August 1, 2022, and stated they made a good faith attempt to obtain the information requested and did not withhold any information based upon its objection in the response to the interrogatory. Further, they stated any response that indicated "unknown" was because the claimant could not remember that information in spite of several attempts to obtain the information. ECF No. 15-5.

From a review of EEOC's discovery answers and follow up correspondence between the parties, the Court finds EEOC has fully responded to Interrogatory No. 14, and TEXAR's Motion to Compel as to Interrogatory No. 14 is **DENIED.**

### 2.  Interrogatory No. 15

Interrogatory No. 15 requested EEOC provide information pertaining to the identified claimants' attempts to find employment with employers other than TEXAR.  ECF No. 15-1, Pgs. 6-7.  EEOC objected that the interrogatory sought information that was overly broad, unduly burdensome, and not limited in time.  ECF No. 15-2, Pgs. 18-23.  EEOC then provided responses for this interrogatory for the identified claimants for a time of 5 years prior to employment with TEXAR.  *Id.*

On July 28, 2022, TEXAR sent a letter to EEOC regarding the discovery and asked to the extent any information was withheld on the basis of the objection, that such information be disclosed.  ECF No. 15-4, Pg. 2.  EEOC responded on August 1, 2022, and stated they made a good faith attempt to obtain the information requested and did not withhold any information based upon its objection in the response to the interrogatory.  Further, they stated any response that indicated "unknown" was because the claimant could not remember that information in spite of several attempts to obtain the information.  ECF No. 15-5.

From a review of EEOC's discovery answers and follow up correspondence between the parties, the Court finds EEOC has fully responded to Interrogatory No. 15, and TEXAR's Motion to Compel as to Interrogatory No. 15 is **DENIED.**

### 3.  Request For Production No. 8

In Request for Production No. 8, TEXAR requested each claimant sign a release of employment information.  ECF 15-1, Pg. 8.  EEOC objected to the requested discovery of

3

employment records because it is overly broad, unduly burdensome, and not proportional to the needs of this case.  ECF No. 15-2, Pg. 25.  They also argue that Fed. R. Civ. P. 34 does not authorize the courts to compel a release of employment records.  ECF No. 19.

The court in *E.E.O.C. v. Randal Ford Inc.,* 298 F.R.D 573 (W.D. Ark. 2014) held Rule 34 does not require the execution of employment releases.  While the court in *Randal* believed the employment records were relevant and discoverable, they found the court generally has no authority to compel a party to execute a release directing a non-party to produce documents, and the more appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.  *Id.* at 575.  As such, TEXAR's Motion to Compel as to Request for Production No. 8 is **DENIED.**

Based on the forgoing, TEXAR's Motion to Compel (ECF No. 15) is **DENIED.**

**IT IS SO ORDERED this 20th day of September 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE