**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) | Case No. 4:21-cv-04061-SOH |
| **TEXAR TREE & TIMBER, LLC d/b/a TEXAR LINE CLEARANCE** | ) ) ) |
| **Defendant.** | ) ) |

Case No. 4:21-cv-04061-SOH

**AGREED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the opinion and order entered this same day, IT IS ORDERED:

1. Confidential material, as defined in Paragraph 2, requested by any of the Parties shall be disclosed only to the following individuals, each of whom shall read this Protective Order and agree to abide by its terms before receiving any of the information, except as required by the Federal Records Act, 44 U.S.C. 3301, the National Archives and Records Administration Act, and EEOC Order 201.001:

    a. Counsel for Plaintiff and counsel for Defendant and their staff to the extent reasonably necessary to render professional services in the litigation;

    b. The Parties to the litigation and their consultants, investigators, witnesses at depositions, and experts utilized in the presentation or defense of claims in this matter;

    c.    Any aggrieved individuals and employees of a Party, but only to the extent that counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    d.    The Court and its staff;

    e.    Court reporters, videographers and recorders engaged for depositions;

    f.    Any other individuals agreed by the parties in writing, so long as those individuals agree in writing to be bound by this Protective Order; and

    g.    Any other individuals included by order of the Court.

2.    Materials that may be designated confidential under this Protective Order are materials that, after a bona fide determination made in good faith, are those the privacy or confidentiality of which are not generally known to the public and/or are protected by law and which fall into one of the following subsections:

    a.    information prohibited from disclosure by statute;

    b.    medical records or medical information;

    c.    tax, banking, and financial records;

    d.    employment records or information, including medical information relating to employees or former employees who are not identified by name in the complaint and including wage information;

    e.    personal identity information;

    f.    trade secrets; and

    g.    confidential and proprietary business information the disclosure of which is likely to result in competitive harm.

Documents produced by the Parties to which this Protective Order applies shall be true and accurate copies and shall be stamped "CONFIDENTIAL" in a manner that does not interfere with

the material's legibility.

3. The Parties shall not knowingly designate as "CONFIDENTIAL" information or documents that have been produced in any other litigation without a "CONFIDENTIAL" designation or information or documents that have been entered as exhibits in open court.

4. The inadvertent production, without designation as "CONFIDENTIAL", of information or documents intended to be designated or that should have been designated as "CONFIDENTIAL" shall not waive the right to so designate such documents or information. Any information or documentation that is inadvertently not designated as "CONFIDENTIAL" when produced shall be, upon written request of the producing Party, thereafter treated as designated as "CONFIDENTIAL" under this protective order. The parties agree as part of this order that materials disclosed to the EEOC prior to this action that include information regarding the wage rate of current and former employees at Texar Tree and Timber, LLC shall, as of the time of entry of this order, be considered Confidential and subject to the terms of this order. This includes, but is not limited to, the documents identified in EEOC production by Bates Numbers EEOC_0000212; 0000245; 0001065-58; 000213-216; 000246-49; 000717-18; 000990-91; 001018-19. This applies to all similar pay reports or duplicates within the EEOC productions or otherwise produced or used in this action to date. Additionally, the Parties agree to treat Defendant's production identified as "Interrogatory No. 4" produced in response to Plaintiff's Interrogatory No. 4 in its first set of discovery requests as Confidential under the terms of this protective order.

5. Material claimed to be "CONFIDENTIAL" that is subject to a dispute as to whether it is in fact confidential shall, until further order of the Court or agreement of the parties, be treated as "CONFIDENTIAL" in accordance with the provisions of this Order.

6. A Party may designate as "CONFIDENTIAL" specific lines of any deposition

transcript where confidential information or materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Specific lines of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by letter sent by facsimile or electronic mail to opposing counsel within 30 days after receipt of the transcript.

7.      A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing Party of any materials must first attempt in good faith to confer with lawyers for the producing Party to resolve the issue amicably. If agreement cannot be reached, the challenging Party may move the Court to remove the designation. The Party filing this motion must do so within 15 days following the parties' inability to resolve the matter without Court intervention. The motion should describe with specificity the particular materials for which the designation is being challenged and set forth with specificity the particular materials that are not properly designated as "CONFIDENTIAL." The Party seeking to maintain materials as "CONFIDENTIAL" generally will bear the burden of proving that the designation is proper. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

8.      Use of confidential information at trial is outside the scope of this protective order. Subject to the Federal Rules of Evidence, any confidential information or documents may be offered in evidence at trial or any Court hearing. A party or nonparty seeking to prevent or restrict disclosure of confidential information at trial must request that relief through a motion in limine (for which purpose a nonparty may intervene and enter a limited appearance) filed sufficiently in advance of trial for the Court to accommodate the request if granted, and in any case no later than the deadline to file motions in limine.

9. Confidential information may only be filed electronically under seal, and the Court will maintain that filing with access restricted to the Court and parties. Whenever practicable, confidential information should be redacted prior to filing, with the redacted version of a filing docketed publicly and an unredacted version filed under seal. Where electronic filing of confidential information is impracticable, the party or nonparty who files the confidential information should seek guidance from the Court prior to filing. Nothing in this protective order shall restrict any use by a producing Party of its own confidential information or documents.

10. No lawyer for a Party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court to do so.

11. The information and documentation covered under this protective order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual, directly or indirectly, unless authorized by this protective order. No individual may use any of the information or documentation to the detriment of the producing Party or for any other business or financial benefit of the individual.

12. If a disclosure occurs in violation of this Protective Order (whether intentional or unintentional), the disclosing Party shall immediately notify the opposing Party of the disclosure and take immediate action to prevent further disclosure.

13. The Commission will maintain the records pursuant to its internal guidelines and then destroy them pursuant to those same guidelines.

**IT IS SO ORDERED**, this 18th day of October, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge